BARBARA MALACHISKI v. GEORGE H. STELLWAGEN.

*Trover—Attachment—Seizure of mortgaged property—Demand—Appeal—Error.*

1. Where a sheriff attaches mortgaged property at the suit of the mortgagor's creditors, who claim that the mortgage is fraudulent, the mortgagee need not demand the goods of the officer before suing him in trover for the value of his mortgage lien.

2. Where, in an action of trover by a mortgagee against an attaching officer, it appears probable from the record that the officer seized the property under a claim that the mortgage was fraudulent as to creditors, and that the validity of the mortgage was the sole question in controversy, and which was the only one submitted to the jury, the Court will not presume that the question of the necessity for a demand was raised in the court below because under the defendant's requests to charge it might have been, said question not going to the merits of the controversy.

Error to Wayne.   (Brevoort, J.)   Argued February 5, 1891.   Decided February 27, 1891.

Trover.   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*W. F. Atkinson,* for appellant.

*Edwin F. Conely* and *Orla B. Taylor,* for plaintiff.

MORSE, J.   The plaintiff held a chattel mortgage of $400 upon certain goods and chattels belonging to Frank Richards.   The defendant, as sheriff, levied upon such goods and chattels as the property of Frank Richards in an attachment suit of John Hurley and Timothy Hurley against Frank Richards, and seized and took them into his possession on November 26, 1886.   The plaintiff

brought trover, and recovered judgment for the value of her mortgage lien, to wit, $482.50.

The principal and only point made against the validity of this judgment in this Court is that there was no demand before the bringing of suit, and that the sheriff at the time the suit was brought had not converted the goods, as he had the right, under the decisions of this Court, to a possession of the goods under his levy until demand was made by the mortgagee. The plaintiff claims that no such defense was made in the court below, and that the sheriff levied upon the goods in antagonism to the mortgage, and claiming that it was fraudulent and void. It is not our province to presume error, and, if this question was not raised in the court below, the defendant cannot be heard to interpose it here.

The only evidence as to the value of the property when taken was its appraisal in the attachment suit, to wit, the sum of $476.50, on November 26, 1886, such appraisal being introduced by plaintiff to show value. The judgment in this cause was entered October 1, 1890, for $482.50. It thus appears that the property at the time of its seizure was of but little more value than the mortgage debt to plaintiff. The sheriff's return also shows that he levied upon the property without any statement that he did so subject to the mortgage lien of plaintiff. It does not appear by any word or phrase in the whole record that the question of demand was raised at all upon the trial. The court, it is true, was requested to charge—

1. That the plaintiff must show that the defendant took the property unlawfully, and converted it to his own use, or that he took it lawfully, and converted it to his own use afterwards.

2. Also that the sheriff, under the writ of attachment, had the right to take possession of the goods.

3. That there is no testimony tending to show that he has unlawfully converted the property.

And, under these requests, the question of demand before suit might have been raised. It is also true that neither of these requests necessarily raised this question. The fifth request of defendant was as follows:

"If the mortgage was given by Richards with the intent to defraud his other creditors, or delay them in the collection of their claims, the mortgage is void as to those creditors."

The court, in his charge, dealt entirely with this question of fraud, and summed the matter up by saying to the jury that if they believed this debt was honestly due to plaintiff, that she had loaned her money, and there was no fraud about it, then the verdict must be for $482.50; but if they thought that she never loaned the money, that she, as a sister-in-law, took the mortgage to benefit or protect Richards, then their verdict must be for the defendant.

Under the circumstances of this record, it appears very plainly to us that the levy of the sheriff was in opposition to this mortgage, and that the sole question in controversy and submitted to the jury was that of the validity of the mortgage. It may be that the question of demand was raised, but there is no evidence of it in the record. It is singular, if it was raised, that the court should have entirely ignored it. We do not feel called upon to presume that it was, because under the defendant's requests it might have been, when the question at best could not go to the merits of the controversy. The value of the goods is but little, if anything, above the mortgage lien; and the want of demand could not extinguish such lien. And if it could be shown as a fact, which appears probable from this record, that the sheriff

actually levied in defiance of plaintiff's mortgage, claiming that it was fraudulent, no demand was necessary, as a party can never be defeated for not making a demand when it is clearly shown that such demand would have been useless.

The judgment is affirmed, with costs.

The other Justices concurred.